**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN T. EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO.  05-121-GPM |
| ) | |
| MARION COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, formerly an inmate in the Marion County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff's primary claim involves medical treatment for restless leg syndrome, as well as for a degenerative disc in his neck and lower back.  In January 2005, a doctor provided him with an order that he should have access to a bed upon request, so that he could lie down and relieve the pressure on his legs and back.  Plaintiff alleges that, after receiving that order, there were several occasions on which he requested access to a bed, but that request was denied.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective."  *Id.* at 539.  *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs.  *See Qian [v. Kautz]*, 168 F.3d [949] at 955 [(7th Cir. 1999)].  This inquiry includes an objective and subjective component.  The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).  "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant

> official had "a sufficiently culpable state of mind[,] ... deliberate
> indifference to [the detainee's] health or safety." *Farmer*, 511 U.S.
> at 834, 114 S. Ct. 1970.  Evidence that the official acted negligently
> is insufficient to prove deliberate indifference.  *See Payne*, 161 F.3d
> at 1040.  Rather, as we have noted, "'deliberate indifference' is
> simply a synonym for intentional or reckless conduct, and that
> 'reckless' describes conduct so dangerous that the deliberate nature
> of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955.
> Consequently, to establish deliberate indifference, the plaintiff must
> proffer evidence "demonstrating that the defendants were aware of a
> substantial risk of serious injury to the detainee but nevertheless
> failed to take appropriate steps to protect him from a known danger."
> *Payne*, 161 F.3d at 1041.  Simply put, an official "must both be aware
> of facts from which the inference could be drawn that a substantial
> risk of serious harm exists, and he must also draw the inference."
> *Higgins*, 178 F.3d at 510.  Even if he recognizes the substantial risk,
> an official is free from liability if he "responded reasonably to the
> risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S.
> at 843, 114 S. Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

In this case, Plaintiff merely alleges that on several occasions, various officials (who are not named as individual defendants in this action) did not provide him with access to a bed upon demand.  Even reading the complaint in the light most favorable to Plaintiff, he has not made any allegations to suggest that any Defendant was deliberately indifferent to his serious medical needs. Therefore, he has failed to state a claim upon which relief may be granted, and this claim is dismissed from this action with prejudice.

Plaintiff also raises two other vague claims.  He first alleges that an officer was present during his medical consultation, in violation of his right to privacy.  His other claim is that on many occasions, jail personnel have erred in dispensing medication to him and that those individuals are not properly qualified to handle his medication.  Neither of these allegations presents a viable constitutional claim, and these claims are also dismissed with prejudice.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED with prejudice**.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  01/09/07


s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge